IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LEE KINCAID,      and PAUL THOMPSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIV-08-593-HE |
| JOHNNY MANN, et al., | ) ) ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiffs Kincaid and Thompson, state prisoners appearing pro se, jointly filed this civil rights action pursuant to 42 U.S.C. §1983 on June 6, 2008. The matter was referred to the undersigned Magistrate Judge by United States District Judge Heaton on June 9, 2008, for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). On June 10, 2008, the undersigned reviewed the pleadings filed by Plaintiffs and entered an Order notifying Plaintiffs that the documents filed on June 6, 2008, were deficient because the motion to proceed *in forma pauperis* that had been submitted was missing the financial information and/or signature of an authorized officer of the penal institution and missing a certified copy of the statement(s) of Plaintiffs' institutional account(s) for the six-month period immediately preceding this filing. The Plaintiffs were ordered to cure this deficiency by June 30, 2008, and advised that if the deficiency was not cured, the undersigned would recommend the

1

dismissal of the action without prejudice. On July 2, 2008, Plaintiff Kincaid filed a letter which was construed as a motion for extension of time to comply, and Plaintiff Kincaid was granted an extension of time until July 28, 2008, to cure the deficiencies. On July 17, 2008, Plaintiff Kincaid filed another letter which was construed as a second request for an extension of time, and Plaintiff Kincaid was *sua sponte* granted a second extension of time until August 25, 2008, to cure the deficiencies. On August 12, 2008, mail addressed to Plaintiff Kincaid at his last known address was returned to the Court with the notation that it was undeliverable and no forwarding information was available. As of this date, Plaintiff Kincaid has failed to comply or file any further pleadings with the Court.

Plaintiff's lack of interest in complying with the Court's Order combined with the Court's attempt to manage and control its caseload warrant a dismissal of the Complaint without prejudice. See Gripe v. City of Enid, Okla., 312 F.3d 1184, 1188 (10th Cir. 2002) (Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failure to comply with court's orders). See also Nasious v. Two Unknown B.I.C.E Agents at Arapahoe County Justice Center, 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007)(*sua sponte* dismissal for failure to comply with court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply).

## RECOMMENDATION

In view of the foregoing, the undersigned recommends that the action be dismissed

without prejudice as to Plaintiff Kincaid. Plaintiff Kincaid is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by    September 15th   , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this    25th    day of    August   , 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE