IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL L. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-08-593-HE |
| | ) | |
| JOHNNY MANN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. §1983 on June 6, 2008. The matter was referred to the undersigned Magistrate Judge by United States District Judge Heaton on June 9, 2008, for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the cause of action be dismissed without prejudice due to Plaintiff's failure to pay the initial partial filing fee.

With his Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* in conformance with 28 U.S.C. §1915(a), as amended. However, the motion did not contain a statement of Plaintiff's institutional accounts. Plaintiff was directed to cure this deficiency. After review of Plaintiff's second motion filed August 25, 2008, the undersigned granted Plaintiff's motion to proceed without full prepayment of the filing fee and directed Plaintiff

to pay an initial partial filing fee of $7.44 by September 15, 2008, in accordance with 28 U.S.C. §1915(b)(1). Plaintiff was advised that he would be required to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until the full $350 filing fee was paid. He was also advised that failure to either (1) pay the initial partial filing fee, or (2) show cause in writing for his failure to do so could result in dismissal of this action without prejudice to refiling. Plaintiff filed a letter on September 2, 2008, which was construed as a motion for extension of time to pay the initial partial filing fee, and Plaintiff was given an extension of time until September 29, 2008, to pay the initial partial filing fee of $7.44. As of this date, the Court's records show that Plaintiff has failed to pay the initial partial filing fee. The undersigned received a letter from Plaintiff filed September 15, 2008, in which Plaintiff states that he is presently without funds to pay the required fee as "the only person" who has provided him with financial assistance has "walked out of [his] life." (Doc. #24). Plaintiff also asserts that "Garvin Co. Detention Center will not provide [him] with said documentation" to prove he is without sufficient funds to pay the initial partial filing fee. Plaintiff's explanation is inadequate. His statement of his institutional accounts reflected that he had $20.00 in his account. This application was executed by Plaintiff on July 9, 2008. Plaintiff provides no explanation for the asserted depletion of the funds in his institutional account. Hence, Plaintiff has not provided sufficient cause warranting an exception to the procedural rules governing *in forma pauperis* proceedings in federal courts. Because of Plaintiff's failure to pay the required initial partial filing fee or to show cause for his failure to do so, the action is subject to dismissal without prejudice to refiling. LCvR 3.4(a); Lucky v. Hargett, No. 97-6161, 1997 WL 603780 (10th

Cir. Oct. 1, 1997) (unpublished op.) (upholding dismissal without prejudice of Section 1983 action based on litigant's failure to pay initial filing fee); Amen v. United States, No. 96-5146, 1997 WL 158163 (10th Cir. Apr. 1, 1997) (unpublished op.) (recognizing district court should have dismissed complaint without prejudice when plaintiff failed to pay filing fee).

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff's cause of action be dismissed without prejudice to refiling for failure to pay the initial partial filing fee or to show cause for his failure to do so. Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     October 20th  , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all of the issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied..

ENTERED this   30th   day of    September   , 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE